In the matter of the appeal of JOSEPH BECK TYLER, administrator of the estate of MICHAEL ALLEN, from the assessment of the transfer inheritance tax.

[Submitted June 4th, 1918.   Decided June 21st, 1918.]

The death duty imposed by the War Revenue act of 1916 is a tax upon decedents' estates, and in assessing the state transfer inheritance tax is to be deducted from the value of the estate in ascertaining the clear market value of the property transferred, and the fact that in intestacy the federal estate tax falls upon all of the transferees uniformly, and not upon the residuary estate, as in cases of testacy, makes no difference.

On an appeal from an assessment of the comptroller of the treasury.

*Mr. Joseph Beck Tyler,* for the appellants.

*Mr. Herbert W. Boggs,* assistant attorney-general, for the state.

BACKES, VICE-ORDINARY.

Michael Allen, a resident of Woodstown, Salem county, died January 14th, 1917, intestate, leaving a net estate for distribution of $300,000, in round figures, at which sum the comptroller of the treasury appraised the estate and upon which he levied a transfer inheritance tax.   The appellant, the administrator of the estate, claimed a reduction from the assessment to the amount of $5,217, paid by him to the United States government for "estate tax," which the comptroller refused to allow, and from his ruling this appeal was taken.

The judgment is controlled by the decision in "Estate of Ferdinand W. Roebling." The case is not distinguishable, on the ground that in intestacy the federal estate tax falls upon all of the transferees uniformly and not upon the residuary estate, as in cases of testacy. The same principles govern.